DANA et al. v. UNITED STATES.

(Circuit Court, S. D. New York.   January 21, 1899.)

No. 2,550.

1. CUSTOMS DUTIES — CLASSIFICATION — REVIEW OF BOARD OF GENERAL APPRAISERS—SIMILITUDES.
  A finding by the board of general appraisers that an article is or is not similar to another article, within the similitude clause of the tariff act, is a conclusion of law rather than one purely of fact, and is therefore reviewable by the courts.

2. SAME—FERRO-CHROME.
  Ferro-chrome was dutiable under the act of 1894 at four dollars per ton, as being an article similar to ferro-manganese, provided for in paragraph 110.

This was an application by Dana & Co., importers, for a review of the decision of the board of general appraisers in respect to the classification for duty of certain merchandise imported by them.

W. Wickham Smith, for appellants.
James T. Van Rensselaer, Asst. U. S. Atty.

WHEELER, District Judge.   The act of 1894 provided for duty on: "110. Iron in pigs, iron kentledge, spiegeleisen, ferro-manganese, ferro-silicon, wrought and cast scrap iron, and scrap steel, four dollars per ton."   Section 4 provides that any nonenumerated article which is

similar, either in material, quality, texture, or the use to which it may be applied to any article enumerated, shall pay the same rate of duty as the article enumerated. This article is ferro-chrome. The board has found "that ferro-silicon, ferro-manganese, and ferro-chrome are employed in making hard or tough iron or steel; but each is used for a distinct and different purpose, the silicon to get rid of carbon, the manganese for excess of sulphur, and the chrome to eliminate phosphorus"; and that "it is not similar to the articles named in paragraph 110." The witness who testified to the mode and purposes of use said that it was, to some extent, interchangeable with ferro-manganese. Although similitude is, necessarily, a fact, and findings of fact by the board upon warrantable evidence are not to be disturbed by the court upon any view of the same evidence, the latter finding seems to be rather a conclusion of law from the former ones than the finding of an ultimate fact from the evidence, and that conclusion may be reviewed. The difference in value appears to have been allowed much weight; but that is not made any criterion by the statute; and that testimony as to interchangeability was not contradicted. The question here now seems to be whether, in view of the uncontradicted evidence, and the general finding of similitude of use in making iron and steel, and of the differences found, the conclusion of want of similarity to the articles named in paragraph 110 takes this article out of the similitude, of the statute, to ferro-manganese. Similarity is not identity; it implies differences as well as it expresses likenesses. The differences found do not appear to so meet and overcome the likenesses as to neutralize them, and exclude the similarity in use, of the statute. Decision reversed.